

The following constitutes
the order of the court. Signed February 17, 2015

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Pacific Thomas Corporation,<br><br>                Debtor.    / | Case No. 14-54232 MEH<br>Chapter 11 |
| Kyle Everett,<br><br>                Plaintiff,<br><br>vs.<br><br>Randall Whitney,<br><br>                Defendant. / | Adv. No. 14-5115<br><br><br>Date:     January 15, 2015<br>Time:     1:00 p.m.<br>Ctrm:     3070 |

<u>MEMORANDUM DECISION ON DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS</u>

    Defendant Randall Whitney seeks judgment on the pleadings on the basis that Plaintiff, Kyle Everett, Chapter 11 Trustee for Pacific Thomas Corporation ("Debtor"), is prohibited from asserting a claim for recovery of post-petition transfers under the doctrine of *res judicata*. Whitney argues that the claim asserted in this adversary proceeding arises out of the same transactional nucleus of facts as the claims

brought against him in a prior adversary proceeding, No. 14-5114 (formerly 13-4079) (the "First Adversary"), which resulted in an injunction against him. The court agrees and grants Whitney's motion.

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (F).

Background:

On April 11, 2013, the Trustee filed the First Adversary against Pacific Trading Ventures ("PTV"), Jill Worsley, and Whitney. The Trustee sought declaratory relief, accounting, turnover and injunctive relief. Through it, the Trustee obtained a Preliminary Injunction on November 18, 2013 requiring PTV to cease operating as the manager for Debtor's self-storage and other facilities and requiring turnover of Debtor's books and records. A trial in the First Adversary was held on April 29, 2014 and the court issued its Decision After Trial on July 8, 2014.[1] A judgment was entered on November 6, 2014 (the "Judgment") granting a final injunction consistent with the Preliminary Injunction and granting the Trustee a judgment of $566,685 against PTV for postpetition rents received and not turned over to the Trustee. The defendants to the First Adversary timely appealed. That appeal is proceeding before the District Court.

---

[1] An Amended Decision After Trial was entered on November 4, 2014 to clarify one point not relevant to this matter.

Case: 14-05115    Doc# 25    Filed: 02/18/15    Entered: 02/18/15 11:59:29    Page 2 of 9

Subsequently, the Trustee filed this adversary proceeding (the "Second Adversary") asserting a claim for recovery of postpetition transfers against Whitney. Whitney answered the complaint and now brings this motion for judgment on the pleadings.

Legal Analysis:

*Res Judicata* applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956-57 (9th Cir. 2002). The third factor is not in dispute. Whitney was an individual defendant in the First Adversary and is the sole defendant in this proceeding. The First Adversary resulted in an injunction against Whitney. The judgment in that case is on appeal to the District Court. The Ninth Circuit has found that a final federal court judgment may be the basis for claim preclusion despite a pending appeal. *See Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988); *see also* 18 Moore's Federal Practice § 131.30[2][c] (Matthew Bender 3d ed. 2014) (discussing generally). Thus, for this analysis, the Judgment is a final judgment on the merits.

The parties dispute whether there is an identity of claims between the First Adversary and the Second Adversary.

The Ninth Circuit considers four factors in determining an "identity of claim" for purposes of claim preclusion: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether

3

substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917-18 (9th Cir. 2012)(quoting *Costantini v. Trans World Airlines*, 681 F.2nd 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important." *Id.*

The Ninth Circuit's analysis of whether two suits arise out of the same transactional nucleus of facts employs the "transactional" approach, which is described in § 24 in the Restatement (Second) of Judgments. *See W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992), as amended (June 23, 1992) (citing the Restatement in its application of the transactional approach). Section 24 states:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar … the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
> (2) What factual grouping constitutes a "transaction," and what groupings constitute a "series" are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

4

That is, "whether two suits arise out of the 'same transactional nucleus' depends upon 'whether they are related to the same set of facts and whether they could conveniently be tried together.'" *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010)(citing *Ulloa*). "A later claim arises from a different transactional nucleus of facts where the later claim alleges 'new injuries caused by new acts' of the defendant." *MGA Entm't, Inc. v. Mattel, Inc.*, 2012 WL 569389, at *6 (C.D. Cal. Feb. 21, 2012)(citing *Tahoe-Sierra*, 322 F.3d at 1076).

This court issued the injunctions and served as trier of fact and law in the First Adversary. As such, the court may take judicial notice of the prior proceedings before it.[2] *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980)("a court may take judicial notice of its own records in other cases").

The First Adversary focused on claims for declaratory and injunctive relief related to the application and termination of certain agreements, and the related transfer of Debtor's business operations away from PTV. In support of his request for the Preliminary Injunction, the Trustee declared that based on his review of PTV records obtained pursuant to an order in the main case, he "identified

---

[2] On January 20, 2015, the court issued an Order and Notice of Intent to take Judicial Notice of certain pleadings identified in the First Adversary. The Order provided parties until February 4, 2015 to file any response to the court's intent to take judicial notice. Both Trustee and Whitney filed responses on February 4, 2015, which the court considered prior to issuance of this memorandum decision.

5

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

a substantial number of transactions that demonstrate PTV's misuse of funds, including:

> o Personal expenses of Randall Whitney including dental expenses, car rental and airfare expenses, payments to his spouse, legal expenses and other personal expenses;
>
> o Substantial cash withdrawals by Randall Whitney ... ."

*Declaration of Chapter 11 Trustee Kyle Everett in Support of Issuance of Preliminary Injunction*, Doc #62, filed 11/7/2013.

This declaration establishes that the Trustee was aware of improper post-petition transfers by PTV to Whitney of Debtor's rents at least six months prior to trial in the First Adversary.

The complaint in the First Adversary also included claims for accounting and turnover against one or more defendants. As part of the Preliminary Injunction the court required turnover of additional books and records related to Debtor. The turnover of records was difficult and required a continuing process over several hearings. The Trustee was never fully satisfied that all books and records were provided. However, the Trustee obtained sufficient information - primarily through Quickbooks records - to identify rents received by PTV on Debtor's behalf and rents paid to Debtor. Ultimately, the Trustee obtained the Judgment of $566,685 against PTV in the First Adversary. At the hearing on this motion, the Trustee's counsel confirmed that the allegedly avoidable transfers in the Second Adversary are based on a subset of the transfers for which the Trustee obtained a judgment against PTV in the First Adversary.

6

On this basis, the court finds that the accounting and turnover claims of the First Adversary and the claim to avoid post-petition transfers of the Second Adversary are related to the same set of facts and could be conveniently tried together. The Second Adversary asserts a new legal claim for recovery of funds subject to turnover in the First Adversary. As such, the two suits arise out of the same transactional nucleus of facts.

As for the remaining factors to consider in determining an "identity of claim," the court finds the second factor is satisfied as substantially the same evidence is presented as Exhibit 1 to the complaint in the Second Adversary as was admitted as Exhibit 4 at trial in the First Adversary. The third factor is also satisfied as both suits involve infringement of the estate's right to avoid and recover transfers of postpetition rents of the debtor. Finally, the first factor is satisfied as the Trustee's determination to only pursue injunctive relief against Whitney in the First Adversary will be impaired by the recovery of a judgment in the Second Adversary.

Accordingly, the court finds an identity of claims that were tried, or could have been tried, in the First Adversary and Second Adversary.

Conclusion

The court finds that *res judicata* prevents the Trustee from pursuing the Second Adversary against Whitney on the basis that the two adversary proceedings present an identity of claims, the Judgment in

7

the First Adversary is a final judgment on the merits, and there is privity between the parties.

    Counsel for Whitney is directed to file a judgment granting its motion and dismissing this adversary proceeding on the basis of *res judicata*.

**END OF ORDER**

COURT SERVICE LIST

All recipients